IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY M. PAYTON,<br><br>Defendant. | 4:23-CR-3029<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The government has objected to the presentence report. Filing 25.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The government has objected to the presentence report's recommendation that the defendant receive the three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[1] Filing 25. The government points to the circumstances of the defendant's re-arrest after he had pled guilty to federal charges and been remanded to the custody of the U.S.

---

[1] The Court notes that the plea agreement obliges the government to move for the additional one-level reduction under § 3E1.1(b) only *if* the Court finds the initial two-level reduction warranted under § 3E1.1(a). Filing 14 at 3. So, the government took no initial position on whether an acceptance-of-responsibility reduction was warranted, and in any event wouldn't be precluded from objecting based on the defendant's post-plea conduct. *See United States v. Tuttle*, 63 F.4th 673, 677 (8th Cir. 2023). In other words, the government can object to any reduction for acceptance of responsibility, but given the plea agreement, the defendant will get a three-level reduction or none at all.

Marshal, but was erroneously released by state officials after the dismissal of related state charges. Filing 25; *see* filing 18.

A defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right, and the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016). The defendant bears that burden even where the probation office recommends that the defendant receive the reduction, but the government opposes it. *United States v. Shade*, 661 F.3d 1159, 1167 (8th Cir. 2011). Accordingly, the Court will resolve this objection on the evidence presented at sentencing.[2]

---

[2] To clarify the record, and the issues, as the Court understands them: The defendant was before the Magistrate Judge at an initial appearance/change of plea hearing on March 16, 2023. Filing 9. He was already in state custody in Lancaster County on related charges. The government moved for detention and the defendant waived his right to a detention hearing, so he was remanded to the custody of the U.S. Marshal. Filing 20 at 22-23. He was expressly told by the Magistrate Judge, at that time: "You will stay in state custody, though, at this time, sir, but once – and if you're released from state custody, then you'll come into federal custody on my order." Filing 20 at 23. The defendant was asked if he understood, and said he did. Filing 20 at 23. A detention order was entered on March 24. Filing 18.

The defendant was mistakenly released from state custody on March 29. Filing 19. The government found out from the Marshal on April 12, and on April 13 filed an *ex parte* motion for an arrest warrant, which issued the same day. Filing 19; filing 21. The defendant was taken into custody in Omaha on April 28 by the Metro Fugitive Task Force, as described in the presentence report. *See* filing 24. The most pertinent point there is that the residents of the house were unresponsive to law enforcement for several minutes, and the defendant's voluntary statement after his arrest that he meant to turn himself in "on Friday at 5:00 pm,"

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

---

suggesting that he knew he was wanted. (It's also not clear which Friday he meant, because he was arrested at about 4:15 pm on a Friday.)

An *escape* from custody is clearly inconsistent with acceptance of responsibility. *See, e.g.*, *United States v. Allee*, 282 F.3d 997, 1002 (8th Cir. 2002); *United States v. Cox*, 921 F.2d 772, 773 (8th Cir. 1990). The Eighth Circuit also affirmed Judge Strom's finding that a defendant had not accepted responsibility when he "hid after being inadvertently released from jail and fled from officers when he learned he was to be taken back into custody." *See United States v. Boettger*, 316 F.3d 816, 817 (8th Cir. 2003); *accord United States v. Grier*, 350 F. App'x 661, 663 (3d Cir. 2009). The Court will be mindful of the facts recited above, and these legal principles, when making its determination at sentencing.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 5 -